IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND, | ) ) ) ) ) ) ) ) ) ) | Civil No. 25-00099 JAO-KJM  FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY, GORDON MECHANICAL NV LLC, GORDON ENERGY LLC, AND RICHARD GORDON |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GORDON MECHANICAL LLC, a Hawaii limited liability company; GORDON MECHANICAL NV LLC; GORDON ENERGY LLC; RICHARD GORDON; ET AL., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANTS GORDON MECHANICAL LLC, A HAWAII
LIMITED LIABILITY COMPANY, GORDON MECHANICAL
<u>NV LLC, GORDON ENERGY LLC, AND RICHARD GORDON</u>

On July 31, 2025, the trustees of the PAMCAH-UA Local 675 Trust Funds

(collectively, "Plaintiffs"), which include the Pension, Annuity, Health & Welfare,

Vacation & Holiday, Training, and Cooperation Trust Funds (collectively, the

"Trust Funds"), filed a Motion for Entry of Default Judgment Against Defendants Gordon Mechanical LLC, a Hawaii limited liability company ("Gordon Mechanical Hawaii"), Gordon Mechanical NV LLC ("Gordon Mechanical NV"), Gordon Energy LLC ("Gordon Energy"), and Richard Gordon ("Gordon") (collectively, "Defendants") ("Motion").  ECF No. 22.  Defendants did not file a written response to the Motion.  Plaintiffs did not file a reply.

On September 17, 2025, the Court held a hearing on the Motion.  ECF No. 28.  Carolyn E. Hayashi, Esq., appeared on behalf of Plaintiffs.  Defendants did not appear at the hearing.  Three calls were made outside the courtroom for Defendants, with no response.  *Id.*

After carefully considering the Motion, applicable law, and record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

//

//

//

//

//

//

//

2

BACKGROUND

I.      Factual Background

On March 5, 2025, Plaintiffs filed this lawsuit.  ECF No. 1.  On April 22, 2025, Plaintiffs filed a First Amended Complaint ("FAC").  ECF No. 12.  The Court takes the following allegations from the FAC.[1]

Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A).  ECF No. 12 at 2 ¶ 1.  Each of the Trust Funds is an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  *Id.* at 3 ¶ 5.  In addition, each of the Trust Funds is an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002, 1003.  *Id.* at 3–4 ¶ 5.

---

[1]  The Court notes that the analysis on a motion for default judgment relies heavily on the allegations in the complaint.  *See Adobe Sys., Inc. v. Tilley*, No. C 09–1085 PJH, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010) ("[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." (citation omitted)).  The "Factual Background" section of the Motion, however, does not include any citations to the Complaint.  The Court itself thus conducted a thorough review of the Complaint and summarized the relevant background.

The FAC asserts that Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada and the Plumbing & Mechanical Contractors Association of Hawaii negotiated a collective bargaining agreement ("Bargaining Agreement"). *See id.* at 6 ¶ 11.  On May 24, 2019, Defendant Gordon Mechanical Hawaii agreed to abide by the terms set forth in the Bargaining Agreement and various trust agreements. *Id.* at 6 ¶¶ 11, 14.

Defendant Gordon Mechanical Hawaii agreed to, among other things, pay the Trust Funds certain employee benefit contributions, submit monthly reports stating the covered employees and hours worked, and permit audits and inspection of its payroll records. *Id.* at 6–7 ¶ 14(a), (c), 8 ¶ 25.  The FAC alleges that Defendant Gordon Mechanical Hawaii failed to pay contributions for December 2024 through January 2025, despite demand, and failed to produce financial records. *Id.* at 8 ¶ 21, 9 ¶ 27, 11 ¶ 34.

Plaintiffs assert that Defendant Gordon is the managing member of Defendants Gordon Mechanical Hawaii, Gordon Mechanical NV, and Gordon Energy. *Id.* at 7 ¶ 16.  Plaintiffs allege that Defendant Gordon approved and/or directed transfers of large sums of money from Defendant Gordon Mechanical Hawaii to the other two entities while it was purportedly insolvent to avoid making payments to the Trust Funds. *Id.* at 8 ¶¶ 20, 23 and 12 ¶¶ 36, 37.  Plaintiffs allege that Defendant Gordon commingled funds for the three entities and failed to keep

adequate records to explain the intercompany transfers.  *Id.* at 8 ¶ 22, 12 ¶ 38.  In addition, Plaintiffs allege that Defendants Gordon Mechanical NV and Gordon Energy are the alter egos of Defendant Gordon Mechanical Hawaii.  *Id.* at 7 ¶ 15.  Plaintiffs allege that Defendants are thus jointly liable for the amounts owed to the Trust Funds.  *Id.* at 12 ¶ 39.

The FAC asserts two claims against Defendants:  (1) Count I: Contributions, Liquidated Damages, and Attorneys' Fees and Costs; and (2) Count II:  Piercing the Corporate Veil.  *Id.* at 8–12 ¶¶ 24–39.

II.    Procedural Background

On June 6, 2025, Plaintiffs asked the Court to enter default against Defendants.  ECF No. 19.  On June 9, 2025, the Clerk of Court entered default against Defendants.  ECF No. 20.  On July 31, 2025, Plaintiffs filed the instant Motion.  ECF No. 22.

## DISCUSSION

The Court finds that the Motion, which seeks the significant relief of default judgment, is fatally deficient for the reasons discussed below.

Before considering the merits of a request for default judgment, the court has an affirmative obligation to determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendants.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later

be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Regarding the merits, the Ninth Circuit has enumerated factors that courts should consider in determining whether to grant default judgment:

(1)    the possibility of prejudice to the plaintiff;

(2)    the merits of the plaintiff's substantive claim;

(3)    the sufficiency of the complaint;

(4)    the sum of money at stake in the action;

(5)    the possibility of a dispute concerning material facts;

(6)    whether the default was due to excusable neglect; and

(7)    the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, the Motion does not address personal jurisdiction or the *Eitel* factors. In fact, the Motion lacks any meaningful legal analysis regarding Plaintiffs' claims. Without such analysis, the Court cannot evaluate the second and third *Eitel* factors, which are often analyzed together and considered to be "the most important." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citations omitted).

In addition, the Motion cites to extrinsic evidence on numerous occasions. *See, e.g.*, ECF No. 22-1 at 6–8 (citing ECF No. 22-4 in support of Plaintiffs'

argument that Defendant Gordon Mechanical Hawaii is liable to Plaintiffs for liquidated damages and reasonable attorneys' fees); *id.* at 9–10 (citing ECF Nos. 22-6, 22-7, 22-8 in support of Plaintiffs' argument that Defendants Gordon, Gordon Energy, and Gordon Mechanical NV are liable for the amounts owed by Defendant Gordon Mechanical Hawaii).  Generally, however, a request for default judgment must be based on the allegations in the complaint, not extrinsic evidence. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (stating that, with the exception of facts related to the amount of damages, courts must take as true all factual allegations pled in the complaint (citation omitted)); *Adobe*, 2010 WL 309249, at *3 ("[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." (citation omitted)).  Plaintiffs do not explain why this case should serve as one of the narrow exceptions for which the Court should consider extrinsic evidence.

Given the Motion's deficiencies outlined herein—the absence of discussion of personal jurisdiction and the *Eitel* factors and substantial reliance on extrinsic evidence—the Court is unable to grant the serious requested relief of default judgment.  The Court's role on a motion for default judgment is not ministerial, and even in the absence of a substantive opposition, the Court cannot serve as a rubber stamp.  *See Nw. Adm'rs, Inc. v. Uzunov Trucking, LLC*, No. C09-1229RAJ,

2010 WL 933873, at *1 (W.D. Wash. Mar. 11, 2010) ("The entry of default does not convert this court into a rubber stamp for whatever judgment a plaintiff proposes.").

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiffs' Motion for Default Judgment Against Defendants Gordon Mechanical LLC, a Hawaii Limited Liability Company, Gordon Mechanical NV LLC, Gordon Energy LLC, and Richard Gordon (ECF No. 22). The Court recommends that denial be without prejudice to Plaintiffs filing a new motion that addresses the deficiencies identified herein.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 22, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*PAMCAH-UA Local 675 Pension Fund, et al. v. Gordon Mechanical LLC, et al.*, Civil No. 25-00099 JAO-KJM; Findings and Recommendation to Deny Plaintiffs' Motion for Default Judgment Against Defendants Gordon Mechanical LLC, a Hawaii Limited Liability Company, Gordon Mechanical NV LLC, Gordon Energy LLC, and Richard Gordon