Of Counsel:
CHAR SAKAMOTO ISHII LUM & CHING
Attorneys at Law
A Law Corporation

CAROLYN E. HAYASHI            4234
Davies Pacific Center
841 Bishop Street, Suite 850
Honolulu, Hawaii 96813
Tel: (808) 522-5133
Fax: (808) 522-5144
Email: CEHayashi@lawcsilc.com

Attorney for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND; | CIVIL NO. 1:25-cv-00099-JAO-KJM FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY |
| Plaintiffs, v. | Hearing Date: December 17, 2025 Time:  10:00 a.m. Judge:  The Honorable Kenneth J. Mansfield |
| GORDON MECHANICAL LLC, a Hawaii limited liability company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE | No trial date set. (Caption continued on next page) |

GOVERNMENTAL AGENCIES 1-
10; DOE TRUSTS 1-10;

      Defendants.

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT
AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL
LLC, A HAWAII LIMITED LIABILITY COMPANY

On March 5, 2025, the Trustees of Plaintiffs PAMCAH-UA LOCAL 675

TRUST FUNDS, which include the Pension, Annuity, Health & Welfare, Vacation

and Holiday, Training and Cooperation Trust Funds (hereinafter collectively

referred to as "Plaintiffs" or "Trust Funds"), filed a Complaint against Defendant

Gordon Mechanical LLC, a Hawaii limited liability company [ECF No. 1]. On

April  22, 2025, Plaintiffs filed their First Amended Complaint against Defendants

Gordon Mechanical LLC, a Hawaii limited liability company ("Gordon

Mechanical"), Gordon Mechanical NV LLC, Gordon Energy LLC, and Richard

Gordon [ECF No. 12].

On May 15, 2025, Defendant Gordon Mechanical was served with the First

Amended Complaint [ECF No. 12], Civil Cover Sheet filed April 22, 2025 [ECF

No. 12-1], Amended Summons filed April 23, 2025 [ECF No. 14], Order Setting

Rule 16 Scheduling Conference filed March 3, 2025 [ECF No. 6] and Minutes

Continuing Schedule Conference dated April 14, 2025 [ECF No. 11].  [ECF No.

15]. Plaintiffs filed their first Motion for Entry for Default Judgment on July 31, 2025 [ECF No. 22], which was denied without prejudice [ECF Nos. 29, 32].

On October 3, 2025, Plaintiffs filed their Notice of Partial Dismissal without Prejudice of Defendants Gordon Mechanical NV LLC, Gordon Energy LLC, and Richard Gordon [ECF No. 31]. As a result, Defendant Gordon Mechanical is the remaining defendant in this lawsuit.

On October 10, 2025, Plaintiffs filed their second Motion for Entry of Default Judgment against Defendant Gordon Mechanical, requesting judgment in the amount of $68,471.90 ($59,718.62 in late fees, and $8,753.28 in attorneys' fees and costs) [ECF No. 33].

On October 29, 2025, Plaintiffs filed their First Amended Motion for Entry of Default Judgment against Defendant Gordon Mechanical ("First Amended Motion"), requesting judgment in the amount of $69,537.34 ($59,718.62 in late fees, and $9,818.72 in attorneys' fees and costs) [ECF No. 35]. Pursuant to the Court's request, Plaintiffs filed a Supplemental Memorandum [ECF No. 37], and an Amended Supplemental Memorandum [ECF No. 41] to support their First Amended Motion.

The First Amended Motion came on for hearing on December 17, 2025 [ECF No. 44], before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant Gordon Mechanical [ECF No.

3

43]. Carolyn E. Hayashi, Esq., appeared on behalf of Plaintiffs. Defendant Gordon Mechanical failed to appear after three calls by the courtroom manager and failed to otherwise respond to the First Amended Motion.

## FINDINGS

Having reviewed the First Amended Motion, the memoranda in support of the First Amended Motion, the declaration of Erinn Liu, the declaration of Carolyn E. Hayashi, the exhibits thereto, and the record established in this action, the Court finds as follows:

1.  Plaintiffs are fiduciaries and trustees of the PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND (hereinafter collectively referred to as "Trust Funds") [ECF No. 12 at 2 ¶ 1].

2.  The Annuity Fund is a money purchase pension plan and the Pension Fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health & Welfare, Training, and Vacation & Holiday Funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) [ECF No. 12 at 2–3 ¶ 2].

3.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears [ECF No. 12 at 3 ¶ 4].

4.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a). [ECF 12 at 3 ¶ 4].

5.  On May 24, 2019, Defendant Gordon Mechanical agreed to be a signatory to the Collective Bargaining  Agreement between the Local 675 of the United Association of Journeyman and Apprentice Plumbers and Pipefitters of the United States and Canada, AFL-CIO ("Union") and the Plumbing & Mechanical Contractors Association (the "Bargaining Agreement.") [ECF No. 12 at 6 ¶ 11].

6.  By agreeing to abide by the Bargaining Agreement and various trust agreements attached thereto, Defendant Gordon Mechanical is specifically required to do the following:

a.  Pay the Trust Funds certain amounts for employee benefits, for work and labor performed by Gordon Mechanical's covered employees, on or before the due dates as specified in the Bargaining Agreement. [ECF No. 12 at 8 ¶ 25].

5

b.      In the event any monthly contributions were not paid when due, Gordon Mechanical would pay to each Trust Fund liquidated damages in the amount of ten percent (10%) per annum on unpaid contributions for additional administrative hours and costs for late contribution. [ECF No. 12 at 7 ¶ 14(d)].

c.      If it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages against Defendant Gordon Mechanical, that Defendant Gordon Mechanical would pay all court and collection costs and reasonable attorneys' fees. [ECF 12 at 10 ¶ 31].

7. Furthermore, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act, Plaintiffs, as fiduciaries, have standing to enforce the terms of ERISA plans by obtaining appropriate relief from this Court. Section 502 of ERISA, 29 U.S.C. §1132(e)(1), grants exclusive jurisdiction to the district courts to hear civil actions brought by Secretary of Labor or by a participant, beneficiary or a fiduciary.

8. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in *Eitel v. Cool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Evaluating all of the *Eitel* factors, default judgment against Defendant Gordon Mechanical is appropriate.

9. Since the filing of the First Amended Complaint, Defendant Gordon Mechanical paid its contributions for December 2024 and January 2025 in April

6

2025. In addition, the Trustees approved the waiver of the February 2025 liquidated damages via an email poll on April 25, 2025, due to what Defendant Gordon Mechanical claimed to be a postmark error. *See* Declaration of Erinn Liu [ECF No. 41-1].

10. In summary, for the period through February 2025, Defendant Gordon Mechanical has paid and brought current all of its contributions, but has not paid the outstanding liquidated damages. The unpaid liquidated damages as of the filing of Plaintiffs' First Amended Motion are based on 10% of delinquent contributions as follows:

| Month | Contributions on which liquidated damages are based | Liquidated Damages |
|---|---|---|
| November 2024 | $240,672.37 | $24,067.25 |
| December 2024 | $184,208.27 | $18,420.82 |
| January 2025 | $172,305.40 | $17,230.55 |
| Total due and owing | $     0.00 | $59,718.62 |

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1145 and 1132.

12. This Court has reviewed the billing records of Plaintiffs' counsel and the declarations attached to the Motion.  Upon said review, this Court disallows

three items because they were redacted, and finds attorney's fees and costs in the amount of $9,378.72 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment be entered in favor of Plaintiffs and against Defendant Gordon Mechanical LLC, a Hawaii limited liability company, for liquidated damages in the sum of $59,718.62, and attorneys' fees and costs in the amount of $9,378.72, without prejudice to the Plaintiffs to seek other and further damages from Defendant Gordon Mechanical arising from unaudited hours worked by its employees from November 2024 through January 2025, for a total default judgment in the amount of $69,097.34.

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawaii, January 5, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

---

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Gordon Mechanical LLC, a Hawaii limited liability company, et al.*; Civil No. 1:25-cv-00099-JAO-KJM; **FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY**